UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KEITH DENT,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>    Defendants. | No. 2:17-cv-1146-EFB P<br><br><u>ORDER GRANTING LEAVE TO PROCEED IFP, DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915A, AND DENYING OTHER MOTIONS</u> |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] His First Amended Complaint is before the court for screening. Additionally, plaintiff has filed a motion for permanent injunctive relief, a motion for appointment of an expert witness and a medical examination, a motion for appointment of a guardian ad litem or counsel, and a motion for leave to proceed in forma pauperis.[2]

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

[2] Plaintiff commenced this action with the filing styled "Plaintiff's Notice and Motion for Emergency Permanent Injunctive Relief . . . ." ECF No. 1. Subsequently, on July 7, 2017, he filed the "First Amended Complaint." ECF No. 8. The July 7, 2017 filing, however, is the first and only complaint filed in this action.

1

## I. Application for Leave to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## II. Screening Requirement and Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a

claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### III. Screening Order

Plaintiff identifies seven defendants in his 75-page typed complaint. The defendants include the State of California, the California Department of Corrections and Rehabilitation, the City of Vacaville, and four individuals who work at the California Medical Facility ("CMF"), including the warden, the chief medical officer, a medical doctor, and the appeals coordinator. He identifies nine claims for relief, each brought against all seven of the entity and individual defendants named. ECF No. 8 at 44-74. The claims include the (1) Title V of the Americans with Disabilities Act ("ADA"); (2), Title II of the ADA; (3) California's Disabled Person Act; (4) the Rehabilitation Act; (5) First Amendment retaliation; (6) Fourteenth Amendment due process; (7) Eighth Amendment deliberate indifference to medical needs; (8) breach of fiduciary duty; and (9) conspiracy. *Id.* The complaint is accompanied by nearly 200 pages of exhibits. *Id.* at 76-271. The introductory paragraph of the complaint alleges that plaintiff has permanent sciatica nerve injury that causes chronic pain and daily spasms. *Id.* at 1. He claims he is mobility impaired and has been discriminated against, denied access to medical services, and retaliated against for requesting reasonable accommodations. *Id.* The remaining seventy-four pages of the complaint detail these allegations and provide a history of plaintiff's medical and custody status going back to as early as 1996. *See, e.g., id.* at 12.

Although the Federal Rules adopt a flexible pleading policy, Rule 8 requires that a complaint give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Complaints that are "argumentative, prolix, replete with redundancy, and largely irrelevant" do not satisfy the requirements of Rule 8. *McHenry v. Renne*, 84 F.3d 1172, 1177-78 (9th Cir. 1996). Here, the complaint does not meet the Rule 8 pleading requirements. It is unduly burdensome to dissect the 271-page filing to determine whether buried within it are some allegations that might state a claim as to one or more of the seven named defendants. The complaint must be redrafted so as to

comply with Rule 8. In any amended complaint, plaintiff should limit his pleading to twenty-five pages, plus any relevant exhibits.

**IV.     Leave to Amend**

As noted, the court grants plaintiff leave to file an amended complaint. But plaintiff is cautioned of the following legal standards, which may or may not apply to his intended claims for relief:

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.[3] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Rather, a plaintiff must plead that each defendant, through his own individual actions, has violated the Constitution. *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Generally speaking, a retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, literally, "after this,

---

[3] It appears from the complaint that plaintiff intends to hold several defendants liable under this theory. *See* ECF No. 8 at 36 ("Defendats [sic] Dr. Joseph Bick, and Robert Fox, is being sued under Vicarious Liability"). A defendant's role as a supervisor, however, is not a sufficient basis for imposing § 1983 liability.

4

therefore because of this." *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000). If plaintiff intents to assert a retaliation claim, he must allege facts showing that defendant was aware of his prior engagement in protected conduct and that his protected conduct was "the 'substantial' or 'motivating' factor" behind defendant's alleged misconduct. *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009).

While prisoners have a liberty interest in avoiding the "unwanted administration of antipsychotic drugs," imposing unwanted medical treatment on an inmate does not constitute a due process violation if the treatment is "reasonably related to legitimate penological interests." *Washington v. Harper*, 494 U.S. 210, 221, 223 (1990); *id.* at 225 ("The State has undertaken the obligation to provide prisoners with medical treatment consistent not only with their own medical interests, but also with the needs of the institution. Prison administrators have not only an interest in ensuring the safety of prison staffs and administrative personnel, . . . but the duty to take reasonable measures for the prisoners' own safety."); *see also Runnels v. Rosendale*, 499 F.2d 733, 735 (9th Cir. 1974) ("Allegations that prison medical personnel preformed major surgical procedures upon the body of an inmate, without his consent and over his known objections, that were not required to preserve his life or further a compelling interest of imprisonment or prison security, may [be sufficient to state a cognizable Fourteenth Amendment due process claim].").

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

Inmates have no standalone rights with respect to the administrative grievance process. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners

lack a separate constitutional entitlement to a specific prison grievance system); *Williams v. Cate*, No. 1:09-cv-00468-0WW-YNP PC, 2009 U.S. Dist. LEXIS 107920, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Title II of the Americans with Disabilities Act ("ADA") prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability. 42 U.S.C. § 12132. However, the treatment or lack of treatment for a medical condition does not provide a basis upon which to impose liability under the ADA. *Simmons v. Navajo County*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability."); se*e also Burger v. Bloomberg*, 418 F.3d 882, 883 (8th Cir. 2005) ("a lawsuit under the ... [ADA] cannot be based on medical treatment decisions"); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) (The ADA is not "violated by a prison's simply failing to attend to the medical needs of its disabled prisoners.").

The California Torts Claims Act ("GCA") requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). Timely claim presentation is not merely a procedural requirement of the GCA but is an element of a plaintiff's cause of action. *Shirk v. Vista Unified Sch. Dist.,* 42 Cal. 4th 201, 209 (2007). Thus, when a plaintiff asserts a claim subject to the GCA, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. *Id.* The requirement that a plaintiff asserting claims subject to the GCA must affirmatively allege compliance with the claims filing requirement applies in federal court as well. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. It must also allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory.

/////

*Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

Additionally, any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court reminds plaintiff that although his allegations are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), he is required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (procedural requirements apply to all litigants, including prisoners lacking access to counsel); E.D. Cal. L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.").

### V. Motion for Emergency Permanent Injunctive Relief

Plaintiff also seeks injunctive relief. ECF No. 1. A permanent injunction as this stage is plainly premature. Assuming he intends to request a preliminary injunction, he fails to meet the minimum threshold for merit to satisfy the standard for a preliminary injunctive relief.[4] At an irreducible minimum, he must demonstrate that there is at least a fair chance of success on the merits. *Johnson v. California State Board of Accountancy*, 72 F.3d 1427, 1430, 1433 (9th Cir.

---

[4] A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir.1964). The moving party must prove that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, ––– U.S. –––, 129 S.Ct. 365, 375–76, 172 L.Ed.2d 249 (2008)).

1995); *Sports Form, Inc. v. United Press International*, 686 F.2d 750, 753 (9th Cir. 1982). As discussed above, his complaint must be dismissed for violating Rule 8 and at present he has shown no likelihood of success on the merits of any claim. Accordingly, plaintiff's motion must be denied.

**VI.     Motion for Appointment of Expert Witness and Medical Examination**

Plaintiff seeks the appointment of a neutral medical expert for the purpose of medically examining him in order to assist the trier of fact in this case. Federal Rule of Evidence 706 authorizes the court to appoint a neutral expert witness and apportion the fee among the parties. Where, as here, one party is indigent, the court has discretion to apportion the entire fee to the other side. *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), *vacated and remanded on other grounds* by *Helling v. McKinney*, 502 U.S. 903 (1991). But such an appointment is rare. At this early stage in the proceedings, plaintiff's motion must be denied as premature.

**VII.    Motion for Appointment of Guardian Ad Litem or Counsel**

Plaintiff requests that the court appoint counsel or a guardian ad litem. Pursuant to Rule 17(c)(2) of the Federal Rule of Civil Procedure, courts are required to "appoint a guardian ad litem--or issue another appropriate order--to protect . . . [an] incompetent person who is unrepresented in an action." Without counsel, however, a plaintiff may not proceed through a guardian ad litem. *See Johns v. County of San Diego*, 114 F. 3d 874, 877 (9th Cir. 1997) ("It goes without saying that it is not in the interest of minors or incompetents that they be represented by non-attorneys.").

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors,

the court finds there are no exceptional circumstances in this case. First, plaintiff has produced no documentation as to the need for a guardian. Further, because the court is unwilling to appoint counsel at this time, it cannot appoint a guardian ad litem,

**VIII. Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 7) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's complaint (ECF No. 8) is dismissed with leave to amend within 30 days of service of this order. Any amended complaint shall be limited to 25 pages of pleading, plus any relevant exhibits. Failure to comply with this order may result in dismissal of this action.
4. Plaintiff's Motion for Emergency Permanent Injunctive Relief (ECF No. 1) is denied.
5. Plaintiff's Motion for Appointment of Expert Witness and Medical Examination (ECF No. 4) is denied.
6. Plaintiff's Motion for Appointment of Guardian Ad Litem or Counsel (ECF No. 5) is denied.

Dated: March 1, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE